IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TATE,

               Petitioner,                      No. CIV S-02-2337 MCE GGH P

     vs.

ANTHONY LAMARQUE,               ORDER AND

               Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

I.  Introduction

          Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss filed July 14, 2005.  Respondent argues that not all of the claims in this action are exhausted.  Respondent further argues that some of the claims are barred by the statute of limitations.

          After carefully reviewing the record the court recommends that respondent's motion be granted in part and denied in part.

II.  Failure to Exhaust State Court Remedies

          A.  Legal Standard

          The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

1  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

2  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

3  providing the highest state court with a full and fair opportunity to consider all claims before

4  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

5  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

6          The United States Supreme Court has held that a federal district court may not

7  entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

8  respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).

9          B.  Discussion

10         In the petition for review filed May 20, 2002, with the California Supreme Court

11  petitioner raised two claims: 1) trial counsel was ineffective by failing to investigate and

12  challenge the prior bad acts evidence against petitioner; 2) the trial court abused its discretion by

13  refusing petitioner's request to testify on his own behalf.  See Exhibit B, respondent's September

14  4, 2003, motion for summary dismissal.

15         On October 23, 2002, petitioner filed this action.  Rather than filing a petition, he

16  filed a letter with the court stating that he wanted to proceed with a habeas corpus petition but

17  was in the process of exhausting additional claims.  On June 20, 2003, petitioner finally filed a

18  habeas corpus petition, labeled as an amended petition.  Because the amended petition contained

19  both exhausted and unexhausted claims, on February 9, 2004, the court struck the unexhausted

20  claims and stayed this action so that petitioner could exhaust additional claims.  Calderon v.

21  District Court (Taylor), 134 F.3d 981, 989 (9th Cir. 1998) (district court has authority to stay

22  exhausted petitions while petitioner returns to state court to exhaust unexhausted claims).

23         On December 9, 2003, petitioner filed a habeas corpus petition with the California

24  Supreme Court.  Respondent's Exhibit D.  The December 9, 2003, petition raised two claims:  1)

25  the trial court improperly granted petitioner's motion to represent himself; 2) the trial court

26  improperly denied petitioner's request for a continuance after granting his motion to represent

2

himself.  In support of this petition, petitioner filed numerous pleadings which raised additional claims.  These pleadings are attached to respondent's exhibit D.  On September 22, 2004, the California Supreme Court denied this petition.  Id.

On January 4, 2005, the court lifted the stay in this action.  On May 20, 2005, petitioner filed an amended petition which contains ten claims.  As will be discussed below, not all of petitioner's claims have been exhausted.

*Claim 1*

Petitioner alleges that the trial court abused its discretion when it permitted the introduction of prior bad act evidence against petitioner.  Petitioner raised this claim in both his December 17, 2003, and February 20, 2004, pleadings filed with the California Supreme Court in support of his habeas petition.  Respondent's Exhibit D.  Petitioner's February 20, 2004, pleading is extremely lengthy and is located in the rear of respondent's Exhibit D.  The February 20, 2004, pleading is divided into five sections by blue sheets of paper.  Not all of these pages contain page numbers.

Petitioner's claim alleging that the trial court abused its discretion when it admitted evidence of petitioner's prior bad acts is raised in the third section of petitioner's February 20, 2004, pleading at page 1.  This claim is actually discussed at length throughout this pleading.  Accordingly, the court finds that this claim is exhausted.

*Claim 2*

Petitioner alleges that the trial court abused its discretion by refusing his request to testify on his own behalf.  Petitioner raised this claim in his petition for review and his February 20, 2004, pleading filed in support of his habeas corpus petition.  Respondent's Exhibits B; D: February 20, 2004, pleading, section 3.  Accordingly, this claim is exhausted.

*Claims 3*

Petitioner alleges that he received ineffective assistance of counsel when counsel 1) failed to investigate on petitioner's behalf; 2) refused to file necessary motions; 3) failed to

investigate and challenge the prior bad acts evidence against petitioner; 3) failed to investigate the photo I.D. evidence; 4) failed to present evidence that would have impeached Officer Klimplie; 5) failed to investigate police misconduct; 6) failed to investigate whether petitioner's prior convictions could be used to enhance his sentence; 7) failed to challenge three jurors even though they had been victims of burglary.

The claims that counsel failed to investigate on petitioner's behalf and refused to file necessary motions are vague. Because petitioner does not identify the specific investigation counsel failed to conduct and describe the motions counsel failed to file, the court cannot determine whether these claims are exhausted.

Petitioner raised his claim that counsel failed to challenge the prior bad act evidence in his petition for review. Accordingly, this claim is exhausted. Petitioner raised his claim that counsel failed to investigate the photo I.D. evidence in his February 20, 2004, pleading. Respondent's Exhibit D: February 20, 2004, pleading, section 4, subsection "C Supplemental Ground 3," p. 22. Petitioner raised his claim that counsel failed to present evidence to impeach Officer Klimpie in his February 20, 2004, pleading. Id., p. 62. Petitioner raised his claim alleging that counsel failed to investigate police misconduct in his February 20, 2004, pleading. Id., p. 37. Petitioner raised his claim that counsel failed to challenge the three jurors in his February 20, 2004, pleading. Id., p. 42. Accordingly, these claims are exhausted.

Petitioner's pleadings filed in the California Supreme Court did not raise his claim that counsel was ineffective for failing to investigate whether his prior convictions could be used to enhance his sentence. Accordingly, this claim is not exhausted.

*Claim 4*

Petitioner alleges that he received ineffective assistance of appellate counsel based on counsel's failure to raise the following issues on appeal: 1) defective waiver of right to counsel; 2) improper denial of continuance; 3) prosecutorial misconduct; 4) 1192.7 prohibits plea agreement/priors are barred; 5) Marsden hearing violation.

4

1   Petitioner raised all of his ineffective assistance of counsel claims in his February

2   20, 2004, pleading.  Id., section 5, subsection "Supplemental Ground D1," pp. 13-14.

3   Accordingly, these claims are exhausted.

4   *Claim 5*

5   Petitioner alleges that the trial court improperly granted his motion to represent

6   himself on the eve of trial.  Petitioner raised his claim in the December 9, 2003, petition filed

7   with the California Supreme Court.  Respondent's Exhibit D.  Accordingly, this claim is

8   exhausted.

9   *Claim 6*

10   Petitioner contends that the trial court violated his right to due process when it

11   denied his motion for a continuance after it granted his Faretta motion.  Petitioner raised this

12   claim in the December 9, 2003, petition filed with the California Supreme Court.  Respondent's

13   Exhibit D.  Accordingly, this claim is exhausted.

14   *Claim 7*

15   Petitioner raises the following claims of prosecutorial misconduct: 1) the

16   prosecutor suborned perjury with his first witness; 2) the prosecutor lost or destroyed tapes which

17   were material evidence; 3) the prosecutor damaged the only direct evidence in the case in

18   violation of Brady v. Maryland,[1] ; 4) the prosecutor read confidential attorney/client

19   communication even though he knew it was privileged information; 5) the prosecutor encouraged

20   Officer Klimpie to give false testimony.

21   In his February 20, 2004, pleading, petitioner argued that the prosecutor suborned

22   perjury with his first witness.  Respondent's Exhibit D, February 20, 2004, pleading, section 3, p.

23   12.  Respondent argues that this claim is not exhausted because petitioner did not make clear

24   that he was raising a federal claim for prosecutorial misconduct.  To exhaust state court remedies,

25

26   [1]  Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

a state prisoner must describe in the state proceedings both the operative facts and the federal

legal theory on which his claim is based.  <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003).

Petitioner's state habeas petition does not state that he is raising a federal constitutional claim for

prosecutorial misconduct based on the prosecutor's alleged suborning of perjury with respect to

the first witness.  Accordingly, this claim is not exhausted.

In his February 20, 2004, pleading petitioner stated that the prosecutor was guilty

of misconduct when he damaged evidence.  Respondent's Exhibit D, February 20, 2004,

pleading, section 4, subsection "C Supplemental Ground Three Continued," p. 58.  With respect

to this claim, petitioner argued that the prosecutor was attempting to circumvent <u>Brady</u> by failing

to disclose that evidence had been altered.  Although not the model of clarity, the court finds that

by citing <u>Brady</u>, petitioner alerted the California Supreme Court that he was raising a federal

constitutional claim with respect to this claim.  Accordingly, this claim is exhausted.

In his February 20, 2004, pleading, petitioner stated that the prosecutor committed

misconduct by encouraging Officer Klimpie to give false testimony.  <u>Id.</u>, p. 66.  With respect to

this claim, petitioner did not specifically state that he was raising a federal constitutional claim

for prosecutorial misconduct.  Accordingly, this claim is not exhausted.

Petitioner's pleadings filed with the California Supreme Court did not raise his

claims that the prosecutor committed misconduct by losing or destroying tapes and reading

confidential attorney/client communication.  Accordingly, these claims are not exhausted.

*Claim 8*

Petitioner contends that Cal. Penal Code § 1192.7 barred the prosecutor from

using several of his prior convictions to enhance his sentence.  Petitioner did not raise this claim

in his pleadings filed with the California Supreme Court.  Accordingly, this claim is not

exhausted.

\\\\\

\\\\\

1          *Claim 9*

2          Petitioner alleges jury instruction error based on the reading of CALJIC Nos.

3   2.50.1 and 2.50.2.  Petitioner did not specifically raise a jury instruction claim in his pleadings

4   filed with the California Supreme Court.  Petitioner did argue that his appellate counsel was

5   ineffective for failing to raise a claim challenging these instructions.  Id., section 5.  However,

6   petitioner did not raise a separate claim alleging jury instruction error in violation of the federal

7   constitution.  Accordingly, this claim is not exhausted.

8          *Claim 10*

9          Petitioner alleges that the trial court abused its discretion by refusing to permit

10   petitioner to be present at his Marsden hearing.  Id., section 4, subsection "C Supplemental

11   Ground Three Continued," p. 53.  Respondent correctly argues that petitioner did not raise a

12   claim alleging violation of a federal constitutional right in connection with this claim.

13   Accordingly, this claim is not exhausted.

14          C.  Conclusion

15          In the motion to dismiss, respondent argues that petitioner did not fairly present

16   several of his claims to the California Supreme Court because the claims were presented in a

17   confusing nature.  The California Supreme Court cites In re Swain, 34 Cal.2d 300, 304 (1949)

18   when it finds that a habeas petitioner has not plead his claims with sufficient particularity.  Kim

19   v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).  A citation to Swain under those

20   circumstances means that the claims raised in the petition are not exhausted.  Id.  In the instant

21   case, the California Supreme Court did not cite Swain when it denied petitioner's habeas

22   petition.  Accordingly, the court cannot find that petitioner's claims are not exhausted because

23   they were not plead with sufficient particularity.

24          For the reasons discussed above, the court finds that the following claims are not

25   exhausted: 1) counsel was ineffective for failing to investigate whether petitioner's prior

26   convictions could be used to enhance his sentence; 2) prosecutorial misconduct based on the

prosecutor's suborning of perjury; 3) prosecutorial misconduct based on the prosecutor losing tapes; 3) prosecutorial misconduct based on the prosecutor reading confidential attorney/client information; 4) prosecutorial misconduct based on the prosecutor encouraging Officer Klimpie to give false testimony; 5) Cal. Penal Code § 1192.7 barred the prosecutor from using several of petitioner's prior convictions to enhance his sentence; 6) jury instruction error; 7) the trial court abused its discretion when it refused to permit petitioner to be present at his <u>Marsden</u> hearing.

III. <u>Statute of Limitations</u>

28 U.S.C. § 2244(d)(1) provides,

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The California Supreme Court denied petitioner's petition for review on June 27, 2002. Motion to Dismiss, Exhibit C. Petitioner's conviction was final 90 days later on September 24, 2002. <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999). Unless excused by statutory or equitable tolling, petitioner had until September 24, 2003, to file a timely federal habeas petition.

\\\\\

1    Section 2244(d)(2) provides that the time during which a properly filed

2 application for State post-conviction or other collateral review with respect to the pertinent

3 judgment or claim is pending shall not be counted toward any period of limitation.  Petitioner

4 filed his first state habeas petition in Shasta County Superior Court on June 27, 2003.  Motion to

5 Dismiss, Exhibit D.  On July 9, 2003, the Superior Court denied this petition.  Id.  Petitioner filed

6 another petition in Superior Court on December 15, 2003, which was denied on December 22,

7 2003.  Id.

8    On August 29, 2003, petitioner filed a habeas petition with the California Court of

9 Appeal which was denied on September 25, 2003.  Id.  On December 9, 2003, petitioner filed his

10 habeas corpus petition with the California Supreme Court, which was denied on September 22,

11 2004.

12    Petitioner's state habeas petitions were pending for 453 days, i.e. June 27, 2003,

13 to September 22, 2004.  Adding 453 days to September 24, 2003, would give petitioner until

14 December 20, 2004, to file a timely federal petition.

15    As stated above, petitioner began this action by filing a letter on October 23, 2002.

16 On June 20, 2003, petitioner filed a timely "amended petition" which contained the following

17 claims:  1) the trial court abused its discretion when it permitted the introduction of prior bad acts

18 evidence against petition; 2) ineffective assistance of counsel based on trial counsel's failure to

19 investigate and challenge the prior bad acts evidence against petitioner; 3) the trial court abused

20 its discretion when it denied petitioner's request to testify on his own behalf; 4) ineffective

21 assistance of counsel based on counsel's failure to move to disqualify the judge; 5) ineffective

22 assistance of counsel based on counsel's failure to investigate the case; 6) the trial court abused

23 its discretion by granting petitioner's motion to represent himself; 7) the trial court abused its

24 discretion when it denied petitioner's motion for a continuance after granting his motion to

25 represent himself; 8) the prosecution withheld evidence in violation of Brady; 9) petitioner's

26 prior convictions used to enhance his sentence were invalid; 10) ineffective assistance of counsel

9

1  based on counsel's failure to challenge the validity of the prior convictions; 11) jury instruction

2  error; and 12) petitioner was improperly excluded from his <u>Marsden</u> hearing.

3        On September 4, 2003, respondent filed a motion to dismiss arguing that the

4  amended petition contained exhausted and unexhausted claims.  On February 9, 2004, the court

5  denied respondent's motion to dismiss and ordered this action stayed so that petitioner could

6  exhaust additional claims.

7        On January 4, 2005, the court lifted the stay and ordered petitioner to file an

8  amended petition containing all of his exhausted claims.  Petitioner filed the amended petition on

9  which this action is proceeding on May 20, 2005.

10       The May 20, 2005, petition was filed after the statute of limitations had run.

11  However, Fed. R. Civ. P. 15(c) provides that an amendment of a pleading relates back to an

12  original pleading if the claims asserted in the amended pleading arose out of the conduct,

13  transaction, or occurrence set forth in the original pleading.  In <u>Felix v. Mayle</u>, 125 S. Ct. 2562

14  (2005) the Supreme Court recently held that an amended claim in a habeas petition relates back

15  for statute of limitations purposes only if it shares a "common core of operative facts" with the

16  original claim.  Therefore, the claims raised in the May 20, 2005, petition are timely if they share

17  a common core of operative facts with the claims raised in the June 200, 2003, petition.

18       The court will now consider whether any of the claims found exhausted above

19  "relate back" to the claims raised in the June 20, 2003, amended petition.  Claim 1 of the May

20  20, 2005, petition, i.e. the trial court abused its discretion when it permitted the introduction of

21  prior bad acts evidence against petitioner, was raised in the June 20, 2003, petition.  Accordingly,

22  this claim "relates back" and is not barred by the statute of limitations.

23       Claim 2 of the May 20, 2005, petition, i.e. that trial court abused its discretion by

24  denying petitioner's request to testify, was raised in the June 20, 2003, petition.  Accordingly,

25  this claim "relates back" and is not barred by the statute of limitations.

26  \\\\\

1    In both the May 20, 2005, and June 20, 2003, petitions, petitioner argued that

2  counsel was ineffective for failing to investigate and challenge the bad acts evidence against him.

3  Accordingly, this claim "relates back" and is not barred by the statute of limitations.

4    The June 20, 2003, petition did not raise the other four ineffective assistance of

5  counsel claims the court found exhausted, i.e. 1) counsel failed to investigate photo I.D.

6  evidence; 2) counsel failed to present evidence to impeach Officer Klimpie; 3) counsel failed to

7  investigate police misconduct; and 4) counsel failed to challenge three jurors.  These claims do

8  not share a common core of operative facts with the two other ineffective assistance of counsel

9  claims raised in the June 20, 2003, petition, i.e. counsel was ineffective for failing to investigate

10  and challenge the prior bad acts evidence and counsel failed to investigate whether petitioner's

11  prior convictions could be used to enhance his sentence.  Accordingly, these claims do not relate

12  back and are barred by the statute of limitations.

13    The June 20, 2003, petition did not raise any ineffective assistance of appellate

14  counsel claims.  It is true that petitioner's June 20, 2003, petition did raise some of the claims

15  underlying petitioner's ineffective assistance of appellate counsel claims.  For example,

16  petitioner argued that the trial court erred when it granted his motion to represent himself and

17  improperly denied petitioner's motion for a continuance.  However, the ineffective assistance of

18  appellate counsel claims for failing to raise these issues on appeal do not share a common core of

19  operative facts with this claim.  The ineffective assistance of appellate counsel claims would

20  require the court to consider why appellate counsel failed to raise these claims, an operative fact

21  not shared by the underlying claims.  Accordingly, petitioner's ineffective assistance of appellate

22  counsel claims are barred by the statute of limitations.

23    In both the May 20, 2005, and June 20, 2003, petitions, petitioner argued that the

24  trial court improperly granted his motion to represent himself and improperly denied his motion

25  for a continuance.  Accordingly, these claims are not barred by the statute of limitations.

26  \\\\\

11

1    Both the May 20, 2005, and June 20, 2003, petition raised the claim that the

2  prosecutor committed misconduct by withholding evidence in violation of <u>Brady</u>.  Accordingly,

3  this claim is not barred by the statue of limitations.

4    The court observes that several of petitioner's claims found unexhausted above

5  would be barred by the statute of limitations were the court to find them exhausted.   The four

6  prosecutorial misconduct claims the court found unexhausted above were not raised in the June

7  20, 2003, petition and do not share a common core of operative facts with the one prosecutorial

8  misconduct claim raised in that petition.  The June 30, 2003, petition also did not raise the instant

9  claim 8, i.e. that Cal. Penal Code § 1192.7 barred the prosecutor from using petitioner's prior

10  convictions to enhance his sentence.

11  IV.  <u>Conclusion</u>

12    In sum, the following claims are exhausted and not barred by the statute of

13  limitations: 1) the trial court abused its discretion when it permitted introduction of prior bad acts

14  evidence against petitioner; 2) the trial court abused its discretion when it denied petitioner's

15  motion to testify; 3) counsel was ineffective for failing to investigate and challenge the prior bad

16  acts evidence; 4) the trial court improperly granted petitioner's motion to represent himself; 5)

17  the trial court improperly denied petitioner's motion for a continuance; 6) the prosecutor

18  committed misconduct by withholding evidence in violation of <u>Brady</u>.  The motion to dismiss

19  these claims should be denied.

20    The following claims are exhausted but barred by the statute of limitations: 1)

21  counsel was ineffective for failing to investigate photo I.D. evidence; 2) counsel was ineffective

22  for failing to present evidence to impeach Officer Klimpie; 3) counsel was ineffective for failing

23  to investigate police misconduct; 4) counsel was ineffective for failing to challenge several

24  jurors; 5) all claims of ineffective assistance of appellate counsel.  These claims should be

25  dismissed.

26  \\\\\

The following claims are unexhausted and barred by the statute of limitations: 1) the prosecutor committed misconduct by suborning perjury of the first witness; 2) the prosecutor lost or destroyed tapes; 3) the prosecutor read confidential attorney/client information; 4) the prosecutor encouraged Officer Klimpie to give false testimony; 5) Cal. Penal Code § 1192.7 barred the prosecutor from using several of petitioner's prior convictions to enhance his sentence. These claims should be dismissed.

The following claims are unexhausted but not necessarily barred by the statute of limitations because they were raised in the June 20, 2003, petition: 1) counsel was ineffective for failing to investigate the validity of petitioner's prior convictions; 2) jury instruction error; and 3) the trial court abused its discretion when it would not permit petitioner to attend his Marsden hearing.

In Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005) the Supreme Court recently held that a habeas petition may only be stayed for further exhaustion if the petitioner can show good cause for his failure to first exhaust his claims in state court. As indicated above, the court already granted petitioner one opportunity to return to state court and exhaust his claims. As to the three claims found unexhausted but not necessarily barred by the statute of limitations, petitioner is ordered to show cause for his failure to raise these claims in his petition filed with the California Supreme Court. If he did raise these claims and this court somehow overlooked them in its review of the state petition, petitioner shall identify their location in his state petition.

The court observes that petitioner's opposition to the pending motion to dismiss is extremely lengthy. Petitioner's further briefing addressing his failure to exhaust the three claims discussed above shall be no longer than ten pages. Following receipt of this briefing, the court will consider whether the action should be dismissed as a mixed petition, or whether good cause exists for a further stay. The court will, however, recommend dismissal for those claims barred by the statute of limitations. See 28 U.S.C. § 2254 (b)(2).

\\\\\

1          Accordingly, IT IS HEREBY ORDERED that within ten days of the date of this

2   order, petitioner shall further briefing addressing his failure to exhaust the following three

3   claims: 1) counsel was ineffective for failing to investigate the validity of petitioner's prior

4   convictions; 2) jury instruction error; and 3) the trial court abused its discretion when it would

5   not permit petitioner to attend his <u>Marsden</u> hearing.

6          IT IS HEREBY RECOMMENDED that:

7          1.  Respondent's July 14, 2005, motion to dismiss be denied as to the following

8   claims:  1) the trial court abused its discretion when it permitted introduction of prior bad acts

9   evidence against petitioner; 2) the trial court abused its discretion when it denied petitioner's

10  motion to testify; 3) counsel was ineffective for failing to investigate and challenge the prior bad

11  acts evidence; 4) the trial court improperly granted petitioner's motion to represent himself; 5)

12  the trial court improperly denied petitioner's motion for a continuance; 6) the prosecutor

13  committed misconduct by withholding evidence in violation of <u>Brady</u>;

14          2.  Respondent's July 14, 2005, motion to dismiss should be granted as to the

15  following claims: 1) counsel was ineffective for failing to investigate photo I.D. evidence; 2)

16  counsel was ineffective for failing to present evidence to impeach Officer Klimpie; 3) counsel

17  was ineffective for failing to investigate police misconduct; 4) counsel was ineffective for failing

18  to challenge several jurors; 5) all claims of ineffective assistance of appellate counsel; 6) the

19  prosecutor committed misconduct by suborning perjury of the first witness; 7) the prosecutor lost

20  or destroyed tapes; 8) the prosecutor read confidential attorney/client information; 9) the

21  prosecutor encouraged Officer Klimpie to give false testimony; 10) Cal. Penal Code § 1192.7.

22          These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

24  days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/9/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
tat2337.157

15