IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TATE,                                    2:02-cv-2337-MCE-GGH-P

    Petitioner,

  v.                                          <u>ORDER</u>

ANTHONY LAMARQUE,

    Respondent.
_____/

    Petitioner, a state prisoner proceeding pro se, has filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On November 10, 2005, the magistrate judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any Objections to the Findings and Recommendations were to be filed within twenty (20) days.

1

Neither party has filed Objections to the Findings and Recommendations.

The Court has reviewed the file and finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed November 5, 2005, are adopted in full;

2. Respondent's July 14, 2005, Motion to Dismiss is denied as to the following claims:  1) the trial court abused its discretion when it permitted introduction of prior bad acts evidence against petitioner; 2) the trial court abused its discretion when it denied petitioner's motion to testify; 3) counsel was ineffective for failing to investigate and challenge the prior bad acts evidence; 4) the trial court improperly granted petitioner's motion to represent himself; 5) the trial court improperly denied petitioner's motion for a continuance; 6) the prosecutor committed misconduct by withholding evidence in violation of Brady;

3. Respondent's July 14, 2005, Motion to Dismiss is granted as to the following claims: 1) counsel was ineffective for failing to investigate photo I.D. evidence; 2) counsel was ineffective for failing to present evidence to impeach Officer Klimpie; 3) counsel was ineffective for failing to investigate police misconduct; 4) counsel was ineffective for failing to challenge several jurors;

5) all claims of ineffective assistance of appellate counsel; 6) the prosecutor committed misconduct by suborning perjury of the first witness; 7) the prosecutor lost or destroyed tapes; 8) the prosecutor read confidential attorney/client information; 9) the prosecutor encouraged Officer Klimpie to give false testimony; 10) Cal. Penal ode § 1192.7;

    4.  Within thirty (30) days of the date of this order, respondent shall file an Answer addressing the exhausted claims listed above; Petitioner may file a reply within thirty (30) days thereafter.

DATED: January 10, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3