IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TATE,

        Petitioner,                      No. CIV S-02-2337 MCE GGH P

    vs.

ANTHONY LAMARQUE,

        Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254. On November 10, 2005, the court recommended that respondent's July 14, 2005, motion to dismiss on grounds that some claims were unexhausted and some claims were barred by the statue of limitations be granted in part and denied in part.

        On November 10, 2005, the court further found that three of petitioner's claims were not exhausted but not necessarily barred by the statute of limitations: 1) counsel was ineffective for failing to investigate the validity of petitioner's prior convictions; 2) jury instruction error; and 3) the trial court abused its discretion when it would not permit petitioner to attend his <u>Marsden</u> hearing. For the following reasons, the court now recommends that these claims be dismissed because they are not exhausted.

/////

1  The exhaustion of state court remedies is a prerequisite to the granting of a
2 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
3 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,
4 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
5 providing the highest state court with a full and fair opportunity to consider all claims before
6 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512
7 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8  The United States Supreme Court has held that a federal district court may not
9 entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with
10 respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).

11  In Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005) the Supreme Court
12 recently held that a habeas petition may only be stayed for further exhaustion if the petitioner can
13 show good cause for his failure to first exhaust his claims in state court.  On November 10, 2005,
14 the court ordered petitioner to show cause for his failure to previously exhaust the three
15 unexhausted claims set forth above.  In this order, the court observed that this action had been
16 stayed once already so that petitioner could exhaust additional claims.

17  In his further briefing filed November 28, 2005, petitioner references a letter he
18 received from the California Court of Appeal on December 10, 2003.  See Exhibit A, Petitioner's
19 October 3, 2005, opposition to motion to dismiss.  This letter stated,

20 > This court is in receipt of your letter requesting a copy of your petition for filing in the Supreme Court.  Please be advised that should you file in the Supreme Court,
21 > they will request your file from this court and we will forward it to them.  I am, however, enclosing a copy of your petition for your information.
22

23 Id.
24 /////
25 /////
26 /////

2

1  Petitioner appears to claim that his habeas petition filed in the California Court of
2  Appeal raised the three unexhausted claims.  Petitioner contends that he believed that these
3  claims were before the California Supreme Court even though he did not raise them in his
4  petition addressed to that court, because the California Court of Appeal had forwarded his
5  appellate petition to the state supreme court.
6  Attached as exhibit D to petitioner's opposition to respondent's motion to dismiss
7  is a copy of the one habeas corpus petition filed by petitioner in the California Court of Appeal.
8  This petition did not raise any of the three unexhausted claims set forth above.  Therefore,
9  petitioner could not have reasonably believed that the California Supreme Court was reviewing
10 these claims based on its review of the appellate habeas petition.
11 Petitioner has not shown good cause for his failure to previously exhaust the three
12 claims discussed above.  Accordingly, this action should not be stayed for further exhaustion.
13 Rather, these claims should be dismissed because they are not exhausted.
14 IT IS HEREBY RECOMMENDED that:
15 1. The following claims be dismissed as unexhausted:  1) counsel was ineffective
16 for failing to investigate the validity of petitioner's prior convictions; 2) jury instruction error;
17 and 3) the trial court abused its discretion when it would not permit petitioner to attend his
18 <u>Marsden</u> hearing;
19 2. Petitioner's request to stay this action to exhaust these claims be denied.
20 These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
25 shall be served and filed within ten days after service of the objections.  The parties are advised
26 /////

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 1/18/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
tat2337.den